In the Matter of MORTIMER F. HARMAN (Admitted as MORTIMER F. HYMAN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 29, 1968.

*John G. Bonomi* of counsel (*Arthur J. Cooperman* with him on the brief), for petitioner.

*Samuel J. Siegel* for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained charges of professional misconduct against the respondent.

Respondent was admitted to practice in the First Judicial Department on June 1, 1925. This proceeding was initiated by petition submitted June 23, 1967. No answer was served by the respondent. A Referee was appointed and thereafter a hearing was held October 2, 1967 on the charges. Respondent failed to appear at such hearing.

The respondent was charged with having obtained the sum of $10,000 from a client upon a representation that the moneys

would be invested upon her behalf in a real estate venture. Thereafter the respondent converted the sum to his own use without authority and failed to return the money to the client upon demand. A check for $10,000, issued by the respondent, was returned for insufficient funds. The money has not yet been returned to the client.

The respondent was also charged with having submitted a false and misleading financial statement in support of an application for personal loans from a bank aggregating $29,500.

Respondent was further charged with having obtained the sum of $500 for the sale of a piece of real property upon the false representation that the property was owned by the respondent. In fact the property was owned by another and the money has not yet been returned.

It was also charged that in a five-month period the respondent issued approximately 45 checks which were returned unpaid due to insufficient funds, a course of conduct of issuing worthless checks.

The Referee found that all of the charges were sustained by the evidence. We agree. The motion to confirm the Referee's report is granted. Respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of the law. (*Matter of Greenberg*, 269 App. Div. 313.)

BOTEIN, P. J., STEVENS, EAGER, TILZER and RABIN, JJ., concur.

Respondent disbarred effective March 29, 1968.